UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

JULIAN W. THOM,

      Debtor.
_____/

STUART A. GOLD, Trustee,
      Plaintiff,
v.

JULIAN W. THOM,
      Defendant.
_____/

Chapter 7
Case No. 23-47002
Hon. Lisa S. Gretchko

Adversary Proceeding
No. 23-04480-LSG

## OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Introduction

This matter is before the Court upon a motion for summary judgment ("SJ Motion"; ECF No. 38 in this adversary proceeding) on Count II of the complaint that the Chapter 7 Trustee ("Trustee") brought against the Debtor, Julian W. Thom ("Debtor") in this adversary proceeding.[1]  Count II seeks to deny the Debtor's discharge under 11 U.S.C. § 727(a)(6)(A) because of his refusal to obey a Rule 2004 Order that the Court entered on October 18, 2023.

---

[1] Counts I and III seek denial of the Debtor's discharge under § 727(a)(4)(D) and § 727(a)(4)(A) of the Bankruptcy Code, respectively.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

For the reasons set forth below, the Court grants the SJ Motion.

**Facts**

The relevant facts for purposes of this SJ Motion are not in dispute.

The Debtor filed his voluntary Chapter 7 petition on August 9, 2023. On August 10, 2023, the Debtor filed his schedules and statement of financial affairs. The Debtor's Schedule D lists no secured debt, and the Debtor's Schedules E/F show $14,622.00 in unsecured debt (ECF No. 8).[2]

On October 2, 2023, the Trustee filed a motion for production of documents under Fed.R.Bankr.P. 2004 ("Rule 2004 Motion"; ECF No. 22). The Rule 2004 Motion sought production of twelve (12) categories of financial and property records, including:

1. All unredacted bank statements, cancelled checks, and check registers for all savings accounts, checking accounts, brokerage investment accounts, and business checking accounts in the name of the debtor, held jointly with another, or such accounts that he merely used for the period January 1, 2019 through August 31, 2023, including Venmo, Zeal and Community Choice accounts.

(collectively, "Bank Documents").

---

[2] Unless otherwise noted, the ECF numbers in this Opinion refer to docket entries in the Debtor's Chapter 7 case, not to docket entries in this adversary proceeding.

No objection to the Rule 2004 Motion was filed and, on October 18, 2023, the Court entered an order granting the relief requested in the Rule 2004 Motion ("Rule 2004 Order"; ECF No. 24). The Rule 2004 Order required the Debtor to: (i) produce twelve (12) categories of documents (including the Bank Documents) to the Trustee by October 30, 2023, and (ii) appear for a Rule 2004 examination on or before November 9, 2023. On October 18, 2023, the Rule 2004 Order was served on Debtor's counsel electronically. Trustee's counsel filed a certificate of service (ECF No. 25) reflecting that, on October 18, 2023, the Rule 2004 Order was served by mail on the Debtor.

Following entry of the Rule 2004 Order, the Debtor produced his 2018-2022 federal and state income tax returns and Community Choice bank statements for account xxxx5763 **for June 2023 and August 2023**.[3]

The Debtor failed to appear for his Rule 2004 examination.

On December 11, 2023, the Trustee filed this adversary proceeding. No timely response was filed, and the Clerk entered the Debtor's default. A default judgment was entered on January 25, 2024. On February 9, 2024, the Debtor (without benefit of counsel) filed a paper titled "Request Hearing," which the Court construed as the

---

[3] *See* ECF No. 1 and ECF No. 25 in this adversary proceeding. According to the Trustee's reply in support of the SJ Motion ("Reply"; ECF No. 41 in this adversary proceeding), the Debtor's foregoing tax returns show a $939,828.00 loss carryover that the Debtor has "utilized to shelter his wage income that generated over $56,000 of refunds he collected for calendar years 2019 through 2022."

Debtor's request that the default judgment be set aside. After a hearing on March 22, 2024, the Court entered an order in this adversary proceeding on March 28, 2024 that, among other things, set aside the default judgment and permitted the Debtor to file an answer. On April 9, 2024, the Debtor filed an answer to the Trustee's complaint in this adversary proceeding.

Meanwhile, on February 9, 2024 (after the commencement of this adversary proceeding), the Trustee filed a motion in the main bankruptcy case seeking to hold the Debtor in civil contempt of Court for failing to comply with the Rule 2004 Order ("Contempt Motion"; ECF No. 35). The Debtor responded to the Contempt Motion ("Contempt Response"; ECF No. 36) stating, in pertinent part:

> 4. Many of the voluminous document requests are seeking documents and information from more than four (4) years ago, and Debtor does not have readily available access to them.
>
> 5. Debtor provided the Trustee as many documents that were in his possession, but did not have many of the requested documents to produce.
>
> 6. **Debtor is currently attempting to obtain as many documents as possible to produce to the Trustee, and will be able to do so by March 5, 2024.**

(emphasis added).

The Trustee and the Debtor resolved the Contempt Motion and filed a stipulation (ECF No. 41) to the form, *substance*, and entry of a "Stipulated Order Holding Julian W. Thom In Contempt Of Court For Failure To Comply With The

October 18, 2023 Order For Examination And Production Of Documents Of Julian W. Thom Pursuant To Fed.R.Bankr.P. 2004." Based upon that stipulation, on March 22, 2024, the Court entered a *stipulated* contempt order ("Stipulated Contempt Order"; ECF No. 42). The Stipulated Contempt Order found the Debtor in civil contempt for his "failure to fully comply with the Rule 2004 Order," and stated that the Debtor:

> shall purge his contempt by producing, on or before April 5, 2024, paper copies of the documents described in the Rule 2004 Order including documents responsive to paragraphs 1, 2, 3, 6, 7, 8, 9, 11 and 12 as well as copies of the Carl Thom Family Trust FBO Julian Thom and E. Thom GST Exempt Family Trust with inventory of trust assets and related financial statements for the year 2023 through January 2024.

The Stipulated Contempt Order was served on Debtor's counsel electronically. Trustee's counsel filed a certificate of service reflecting that, on March 25, 2024, the Stipulated Contempt Order was served by mail on the Debtor (ECF No. 43).

On May 15, 2024, the Trustee filed the SJ Motion (ECF No. 38 in this adversary proceeding) seeking denial of the Debtor's discharge under 11 U.S.C. § 727(a)(6)(A). The SJ Motion alleges that the Debtor failed to comply with the Rule 2004 Order and with the Stipulated Contempt Order. According to the affidavit of Stuart A. Gold, Trustee, filed in support of the SJ Motion, after entry of the Stipulated Contempt Order the Debtor only produced the following additional documents:

a. Community Choice Credit Union account statements for account xxxx9148 **for the period April 27, 2023 through August 31, 2023**.

b. Comerica Bank account statements for account xxxx0527 **for the period March 11, 2022 through September 13, 2022.**

c. Zeal Credit Union transcript for account xxxx5391 **for the period September 1, 2027 (*sic*) through October 31, 2023.**

d. Zeal Credit Union transcript for account xxxx8698 **for the period July 3, 2023 through December 29, 2023.**

e. Certificates of title issued on November 1, 2023 for 3 vehicles titled to Sarah Thom, a 2022 Formula Trailer, a 2018 Ford F150, and a 2013 Chrysler 300.

f. Sarah Thom's paycheck stubs for July and August 2023.

g. Capital One auto loan statements for the 2018 Ford F150.

(emphasis added.)

On May 29, 2024, the Debtor filed a response and brief in opposition to the SJ Motion (collectively, the "SJ Response"; ECF No. 39 in this adversary proceeding). The SJ Response admits that the Debtor did not produce the "requested documents" by the Trustee's "demanded deadlines." The Debtor contends, however, that he did produce "substantially all documents related to the requests within his possession, custody, and control," but after "exhausting his good faith efforts to comply, he was still unable to retrieve the requested documents" (which, according to the SJ Response, constitutes a "technical failure to comply with the arbitrary deadline" in the Rule 2004 Order). The SJ Response further asserts that the Trustee

is engaging in "an unreasonable, strong-arm tactic which serves no purpose for the benefit of the estate, the creditors of the estate, and the Defendant/Debtor," and that there is a "bona fide dispute as to the necessity of Trustee's decision to unreasonably expend time and resources on a 'no asset' case when it became clear that there is no 'there' there." The SJ Response also claims that there is a "bona fide dispute as to the Debtor's intent to delay the Trustee's efforts," and his (the Debtor's) "actions taken to substantially comply with the Trustee's requests that would put into question whether such intent and actions are sufficient to deny the Defendant's Chapter 7 discharge under 11 U.S.C. § 727(a)(6)(A)."

The SJ Response relies upon the Debtor's unsigned affidavit attached to the SJ Response. Despite the SJ Response's promise that the "fully executed Affidavit will be filed in this case as soon as possible," the signed version of the Debtor's affidavit ("Debtor's Affidavit"; ECF No. 44 in this adversary proceeding) was not filed until 7:21 p.m. on Sunday, July 14, 2024.

Meanwhile, on June 12, 2024, the Trustee filed his Reply in support of the SJ Motion (ECF No. 41 in this adversary proceeding).

On July 15, 2024, the Court held a hearing ("Hearing") on the SJ Motion, the SJ Response, and the Reply. Counsel for the Trustee and counsel for the Debtor appeared at the Hearing. During the Hearing, Debtor's counsel admitted the following facts:

(i) The Debtor had knowledge of the Rule 2004 Order and the Stipulated Contempt Order;

(ii) Both of those Orders were specific and definite lawful orders of this Court;

(iii) The Rule 2004 Order was straightforward, easily understandable, and the Debtor understood it;

(iv) The SJ Response (and the Debtor's Affidavit) focused on the Debtor's efforts to produce trust documents that the Stipulated Contempt Order required the Debtor to produce ("Trust Documents"), and did not address the Debtor's efforts to produce the Bank Documents;

(v) There is no dispute over the "universe" of documents that were not produced to the Trustee pursuant to the Rule 2004 Order and/or the Stipulated Contempt Order;

(vi) There is nothing in the record stating what actions (if any) that the Debtor undertook to obtain the Bank Documents;

(vii) It is undisputed that the Bank Documents were not produced to the Trustee;

(viii) No "impossibility defense" is being asserted with respect to the Bank Documents; and

(ix) There is nothing in the record that carries the Debtor's burden of proof in opposition to the SJ Motion with respect to the Bank Documents.

At the Hearing, Debtor's counsel agreed with Trustee's counsel that the term "refusal" in § 727(a)(6)(A) of the Bankruptcy Code should be analyzed using the civil contempt standard.

## **Summary Judgment Standard**

Fed.R.Bankr.P. 7056 incorporates Fed.R.Civ.P. 56. Under Fed.R.Civ.P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing the motion to properly address another party's assertion of fact as required by Rule 56(c). *See* Fed.R.Civ.P. 56(e). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original).

The court does not weigh the evidence to determine the truth of the matter, but rather, determines if the evidence produced creates a genuine issue for trial. *Anderson,* 477 U.S. at 249. "The moving party discharges its burden by '"showing"—that is, pointing out to the … court—that there is an absence of evidence to support the nonmoving party's case.'" *Horton v. Potter,* 369 F.3d 906, 909 (6th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Summary judgment is not appropriate when the

"evidence presents a sufficient disagreement to require submission to a jury." *Anderson,* 477 U.S. at 251-52. Viewing the evidence in the light most favorable to the opposing party, the court may grant summary judgment only if the evidence is so one-sided that a reasonable factfinder could not find for the opposing party. *See Anderson,* 477 U.S. at 248-52; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

## Analysis

Bankruptcy Code Section 727(a)(6)(A) provides that a discharge may be denied if "the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify."

The first element of § 727(a)(6)(A) is that there be a lawful order of the court, other than an order to respond to a material question or to testify. There is no dispute that the Rule 2004 Order (and the Stipulated Contempt Order) each constitute a lawful order of the Court. Nor does the Debtor contend that the foregoing orders require him to respond to a material question or to testify. So, the first element of § 727(a)(6)(A) is satisfied.

Nevertheless, the Debtor appears to argue about the scope of the Rule 2004 Order (and the Stipulated Contempt Order), because in the SJ Response he asserts that the Debtor "did produce substantially all documents related to the requests

within his possession, custody, and control." The Court rejects this argument for several reasons.

First, Debtor's counsel admitted at the Hearing that the foregoing statement in the SJ Response related to the Trust Documents, and did not relate to the other documents described in the Rule 2004 Order or the Stipulated Contempt Order.

Second, to the extent that the Debtor argues that the scope of the Rule 2004 Order (and the Stipulated Contempt Order) is limited to documents in the Debtor's possession, custody and control, that argument is inconsistent with the Debtor's Contempt Response (ECF No. 36) which recites that:

> **Debtor is currently attempting to obtain as many documents as possible to produce to the Trustee, and will be able to do so by March 5, 2024.**

(emphasis added.) This statement in the Debtor's Contempt Response is telling, and confirms that the Debtor was supposed to *obtain* the documents that he didn't have. In fact, the Stipulated Contempt Order gave the Debtor until April 5, 2024—one month after the March 5, 2024 date recited in the Contempt Response—for the Debtor to purge his contempt by producing documents to the Trustee.

The Debtor's argument about the scope of the Rule 2004 Order (and/or the Stipulated Contempt Order) is also inconsistent with: (i) the admission of Debtor's counsel at the Hearing that the Rule 2004 Order was straightforward, easily understandable, and that the Debtor understood it; and (ii) the fact that the Debtor

*consented* to the entry of the Stipulated Contempt Order, the finding of contempt set forth in that order, and the Stipulated Contempt Order's requirement that the Debtor purge his contempt by producing documents that (except for the Trust Documents) the Rule 2004 Order had already required him to produce.

In sum, the Court does not find any genuine issue of material fact as to the scope of the Rule 2004 Order (or the Stipulated Contempt Order).

Turning to the second element of § 727(a)(6)(A):

> The second element of § 727(a)(6)(A) is refusal to obey the lawful order. This element requires more than just a failure to comply with an order. "Failure to comply with a court order, standing alone, is not the equivalent of 'refusal' under § 727(a)(6)." *Solomon v. Barman (In re Barman),* 237 B.R. 342, 349 (Bankr. E.D. Mich. 1999). "Refusal" requires more than inadvertence or mistake. Instead, it requires "wilful, intentional disobedience or dereliction." *Id.*

*In re Casab,* 523 B.R. 543, 552 (Bankr. E.D. Mich. 2015).

The Debtor's SJ Response argues that there is a bona fide dispute as to the Debtor's intent to delay the Trustee's efforts and, consequently, the Trustee's SJ Motion must be denied. The Court disagrees because the analysis of "refusal" for purposes of § 727(a)(6)(A) necessarily considers the Debtor's intent, in order to determine whether there was a mere "failure to comply," or a "refusal to comply," as the two terms are different. *Casab,* 523 B.R. at 552.

In determining whether a debtor has "refused" to obey a court order for purposes of § 727(a)(6)(A), some courts have equated a refusal to obey with a finding of civil contempt. *See, e.g.*, *In re Knott,* 2013 WL 1314989, *4 (Bankr. N.D. Ohio Mar. 28, 2013); *In re Magack,* 247 B.R. 406, 409-10 (Bankr. N.D. Ohio 1999). This Court agrees. The Debtor and the Trustee have also agreed that, under § 727(a)(6)(A), the civil contempt standard applies to the analysis of whether the Debtor "refused" to obey lawful order(s) of this Court.

> For purposes of federal law, a person will be found to be in civil contempt when all of the following three elements are met by clear and convincing evidence:
>
> (1) the alleged contemnor had knowledge of the order which he is said to have violated;
>
> (2) the alleged contemnor did in fact violate the order; and
>
> (3) the order violated must have been specific and definite.

*Knott,* 2013 WL 1314989, at *4 (quoting *In Re Magack*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999)).

Applying the 3-part test noted above, it is undisputed that the Debtor had knowledge of the Rule 2004 Order (and the Stipulated Contempt Order), and that both of those orders were specific and definite.

Thus, the last issue in the "civil contempt" analysis is whether the Debtor did, in fact, violate the Rule 2004 Order (and/or the Stipulated Contempt Order). The Court finds that he violated both orders. It is

undisputed that, despite the directive in paragraph 1 of the Rule 2004 Order (and the further directive of the Stipulated Contempt Order), the Bank Documents dating back to 2019[4] were not produced, and no "impossibility defense" is asserted with respect to them. The affidavit of Stuart Gold, Trustee, in support of the SJ Motion attests that the Debtor also failed to produce documents in response to other paragraphs of both the Rule 2004 Order and the Stipulated Contempt Order.[5] The Debtor's Affidavit (which, according to Debtor's counsel, focused on the Trust Documents) did not refute Stuart Gold's sworn statement regarding the Debtor's failure to produce documents in response to the Rule 2004 Order (and the Stipulated Contempt Order).

Indeed, the Debtor admitted to violating the Rule 2004 Order by *stipulating* to the "form, *substance*, and entry*"* (emphasis added) of the Stipulated Contempt Order, and the finding of civil contempt set forth therein.

The Court rejects the Debtor's arguments that he "attempted to comply" because those arguments are not borne out by the record. There is

---

[4] During the Hearing, Trustee's counsel confirmed that the Debtor *had* those bank accounts dating back to 2019 because they were reflected on the Debtor's tax returns for 2018 through 2022.
[5] At the Hearing, Trustee's counsel confirmed that the Debtor produced documents in response to paragraphs 9, 11, and 12 of the Rule 2004 Order.

nothing in the record showing what steps (if any) the Debtor took to obtain the Bank Documents or other documents described in the Rule 2004 Order that he failed to produce, or that he was "reasonably diligent and energetic" in attempting to obtain the unproduced documents.[6] *See, e.g., In re Stocker,* 2017 WL 187551, *3 (Bankr. N.D. Ohio Jan. 17, 2017). Indeed, Debtor's counsel admitted at the Hearing that there is nothing in the record that carries the Debtor's burden of proof in opposition to the SJ Motion with respect to the Bank Documents described in paragraph 1 of the Rule 2004 Order, which the Debtor failed to (fully) produce.

While the Debtor's Affidavit[7] (and an e-mail exchange with the Debtor's accountant) attempt to explain his efforts to obtain the Trust Documents described in the Stipulated Contempt Order, there is no explanation of what (if anything) the Debtor did to obtain the documents

---

[6] During the Hearing, the Court asked Debtor's counsel about the Debtor's efforts to obtain the Bank Documents. In response, Debtor's counsel stated that: (i) he left it to the Debtor to obtain those documents, (ii) he (Debtor's counsel) did not know what steps (if any) the Debtor took to obtain the Bank Documents, and (iii) the record is silent on what (if anything) the Debtor did to obtain the Bank Documents.

[7] The Court rejects the Trustee's argument that the Debtor's Affidavit should be stricken because the signed version thereof was filed the night before the Hearing, rather than three days prior to the Hearing as provided in E.D. Mich. LBR 9014-1(f). First, the signed affidavit contains the same verbiage as the unsigned version thereof that was attached to the SJ Response. Second, the three-day provision in E.D. Mich. LBR 9014-1(f) applies to a reply brief.

responsive to the other paragraphs of the Rule 2004 Order. Instead, *long* after the Debtor: (i) failed to object to the Trustee's Rule 2004 Motion, and (ii) *stipulated* to the document production contained in the Stipulated Contempt Order, the Debtor's Affidavit now complains that the Trustee's document requests were "voluminous and burdensome," and that "the Trustee's attempt to prevent my discharge has been a monumental waste of time for myself, my attorneys, the Trustee, and the Court because the total amount of debts listed in my bankruptcy schedules is only $14,622.00."

On the facts of this case, the Court finds that the Debtor's non-compliance with the Rule 2004 Order (and the Stipulated Contempt Order) was because of his refusal to do so, rather than merely his failure to do so.

## Conclusion

There are no genuine issues of material fact. All of the elements of 11 U.S.C. § 727(a)(6)(A) are present. The Court will therefore enter a separate order, consistent with this Opinion, granting the Trustee's motion for summary judgment and denying the Debtor's discharge.

**Signed on August 14, 2024**



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**